IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,
Plaintiff,

v.

GERALD W. LEE,
Defendant.

Case No. 09–CR–40069–JPG–14

## ORDER

Before the Court are Defendant Gerald W. Lee's motions to reduce sentence, (ECF Nos. 1139, 1144), and Motion for Status, (ECF No. 1147).

In 2010, Lee was convicted of three crack-related offenses (one of which was under 21 U.S.C. § 841(b)(1)(A)) and sentenced to a 120-month term of imprisonment, followed by a five-year term of supervised release. (*See* Judgment at 2, ECF No. 593). He was released in March 2019; but by December, Lee had already committed several violations of the terms of supervised release. (*See* Petition for Revocation at 1–4, ECF No. 1114). More specifically, Lee drove on a suspended license, lied when questioned about his residency, tested positive for marijuana three times, failed to maintain regular employment, admitted to associating with drug users, and failed to report to substance-abuse treatment three times, among other things. (*Id.*). So in January 2020, the Court revoked Lee's supervised release and sentenced him to another year of incarceration. (Judgment for Revocation at 1, ECF No. 1130).

Then, in 2018, Congress enacted the First Step Act, which modified "the statutory penalties for crack offenses by increasing the quantity of crack required for imprisonment." *See United States v. Shaw*, 957 F.3d 734, 735 (7th Cir. 2020); Pub. L. No. 115-391, 132 Stat. 5194, 5222 (Dec. 21, 2018). Because Lee's initial offense involved **50** grams of crack, Lee may have been

charged under § 841(b)(B)—not § 841(b)(1)(A)—if indicted under today's law. It follows that Lee's term of supervised release would have been at least four years, rather than at least five.

Lee filed two motions for a sentence reduction under the First Step Act while serving his one-year sentence on the revocation. He says that because the statute of conviction of his underlying offense—§ 841(b)(1)(A)—was modified, his sentence on the *revocation* should be reduced. He points to the case United States v. Venable for support, where the Fourth Circuit held that the First Step Act authorizes district courts to provide relief to defendants who have finished serving their original term of imprisonment for a "covered offense" and are seeking a reduction for a term of imprisonment on a revocation. 943 F.3d 187, 183–95 (4th Cir. 2019). The Court disagrees for two reasons.

First, Lee has since been released—his request is now moot.

Second, while the Fourth Circuit found that district courts **can** grant relief in such a case (a holding that is not binding on this Court), it emphasized that whether a court **should** grant relief rests within its sound discretion. *See also United States v. Corner*, 967 F.3d 662, 665 (7th Cir. 2020) (noting "[t]he district court's discretion to grant or deny the request for a reduced sentence"). Lee gives this Court no reason to do so here. To the extent that Lee asks the Court to reduce his term of supervised release to four years, the Court need only point to the many violations that arose less than a year after he was released. The current five-year term of supervised release remains sufficient, but not greater than necessary, to reflect the seriousness of the underlying offense and the revocation, to promote respect for the law, to provide just punishment, to protect the public, to provide Lee with needed vocational training and drug treatment, and to defer future criminal conduct from Lee and others. *See* 21 U.S.C. § 3553(a). The Court therefore **DENIES** Lee's motions.

— 3 —

**IT IS SO ORDERED.**

**Dated: Friday, July 23, 2021**

                                                **S/J. Phil Gilbert**
                                                **J. PHIL GILBERT**
                                                **UNITED STATES DISTRICT JUDGE**